IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN THE MATTER OF:<br><br>HECTOR A LOPEZ OTERO<br><br>WENDDYS RIOS HARRISON<br><br>XXX-XX-3636<br><br>XXX-XX-5345<br><br>Debtor(s) | CASE NO. 10-03640 SEK<br><br>Chapter 13<br><br><br><br>FILED & ENTERED ON 08/03/2010 |

ORDER CONFIRMING PLAN

The debtor's Chapter 13 plan was duly served on all parties. A hearing on confirmation of the plan was held after due notice to all parties in interest. Objections, if any, have been resolved. The Court hereby finds that each of the requirements for confirmation of a Chapter 13 plan pursuant to 11 U.S.C. 1325 (a) are met.

1. The debtor, or his employer, shall make the payments to the trustee required by the plan as confirmed or as hereafter modified. If the debtor does not cause such payments be timely made, the trustee may request the Court for an order directing the debtor's employer to make the appropriate payroll deductions and payments to the trustee or to pay the debtor's entire earnings and wages to the trustee [11 U.S.C. 1325 (c)]. Such an order may be issued without further notice.

2. The debtor shall obtain the approval of the trustee prior to incurring additional debt. The failure to obtain such approval may cause the claim for such debt to be disallowed pursuant 11 U.S.C. 1305 (c) and the debt to be non dischargeable [11 U.S.C. 1328 (d)].

3. If the debtor's plan is confirmed prior to the last day to file claims, or to object to the debtor's claim of exemptions, a modification of the confirmed plan pursuant to 11 U.S.C. 1329 may be required after these dates have past.

**Therefore, IT IS HEREBY ORDERED that the debtor's Chapter 13 plan dated May 10, 2010 is CONFIRMED. The hearing set for August 10, 2010 is vacated as per LBR 3015-2(g).**

**ALLOWANCE OF DEBTOR ATTORNEY'S FEES**
The application for the allowance of reasonable compensation as authorized by 11 U.S.C. 330, having been considered, the court finds that a reasonable fee for the services performed and undertaken by such attorney is **$3,000.00**. Such fee, less any retainer, shall be paid by the trustee from the monies received under the debtor's plan, provided, however that such payments be deferred in time to payments which may be required to provide adequate protection of the interest of the holders of secured claims.

San Juan, Puerto Rico, this August 3rd, 2010.

Sara E. De Jesus Kellogg
U.S. Bankruptcy Judge

CC: DEBTOR (S),
JOSE M PRIETO CARBALLO,
JOSE RAMON CARRION MORALES,
FINANCE